IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:25-MJ-86

CALEB WARD  (01)
JEREMY MCNUTT  (02)
JARED MCNUTT  (03)

## PROTECTIVE ORDER

Before the Court is the government's Unopposed Motion for a Protective Order limiting disclosure of discovery materials. The Court finds that good cause has been established to restrict discovery in this case and that this Protective Order is a reasonable measure that protects the rights of the defendants, the public, and witnesses involved in this case, and the integrity of the ongoing criminal investigation. After consideration, the Court determines that the motion should be and is hereby **granted**.

Therefore, pursuant to Rules 16 and 49.1 of the Federal Rules of Criminal Procedure, and the inherent authority of this Court, I hereby **ORDER** the following:

1.     Any discovery materials (or copies thereof) provided by the government to any defendant's counsel in this case—including any defendants that may be charged later, and regardless of when such materials were produced—in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; 18 U.S.C. § 3500; *Brady v. Maryland* and its progeny; or *United States v. Giglio* and its progeny are considered "**Confidential Information**."

2.    **Confidential Information** disclosed to any defendant or defendant's

counsel in this case during the course of proceedings in this action:

    a.  Shall be used by the defendant and defendant's counsel only for purposes of defending this criminal action;

    b.  Shall not be disclosed in any form by the defendant or defendant's counsel except as set forth in paragraph 2(c) below; and

    c.  May be disclosed by the defendant or defendant's counsel in this action only to the following persons ("**Designated Persons**"):

        i.   investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel;

        ii.  witnesses, potential witnesses, or an attorney for a witness or potential witness, so long as any person shown **Confidential Information** must be informed that the information is protected by a Court order that prohibits disclosure of the **Confidential Information** to any person other than representatives of the defense or the government in this case;

        iii. independent expert witnesses, investigators, or expert advisors retained—pursuant to a written retainer agreement—in connection with this action; and

        iv.  such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3.    **Confidential Information** disclosed to any defendant or defendant's

counsel during the course of proceedings in this action, including any and all copies made

of said material, shall, at the conclusion of this matter, either be returned to the

Government or shredded and destroyed. This matter will be concluded upon expiration of

the period for direct appeal from any verdict in the above-captioned case, the period of

direct appeal from any order dismissing any of the charges in the above-captioned case,

or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

4.     Any defendant or defendant's counsel shall provide a copy of this Order to **Designated Persons** to whom they disclose **Confidential Information** pursuant to paragraphs 2(c)(i), (ii) and (iii). **Designated Persons** shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by the defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.

5.     No defendant or defendant's counsel shall attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6.     If any dispute should arise between the parties to this action as to whether any documents, materials or other information is **Confidential Information** subject to the provisions of this Order, such documents, materials and information shall be considered **Confidential Information** pending further Order of this Court.

7.     The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any District Judge or Magistrate Judge of this Court for purposes of this action. Nor shall the

provisions of this Order be construed as preventing disclosure of any information in the public domain or information obtained independently from the sources described in Paragraph 1.

Signed and entered this 14th day of February, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE